## Kelly v. Sale.

(Decided February 1, 1916.)

### Appeal from Estill Circuit Court.

1. Continuance—Absence of Evidence.—In an equity case filed in 1908 and plaintiff's depositions were taken in 1909 and defendant's some three years thereafter and eighteen months after the taking of defendant's proof, an amended answer was filed setting up facts thoroughly established by his proof and to which the pleading conformed, there was no error in refusing a continuance on the motion of plaintiff, especially when he did not point out in said motion any specific facts which could be proven by any named witness.

2. Continuance—Want of Preparation.—When a suit for the settlement of a partnership shows a written settlement made between the partners and this fact is established eighteen months before the case is heard and an amended answer pleading the settlement is filed at the term that the cause is submitted, this does not justify a continuance by the plaintiff, especially when the cause has been pending for six years and no excuse is offered why it has not been sooner prepared and disposed of.

J. B. WHITE and KELLY KASH for appellant.

RIDDELL & FRIEND for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This suit was brought in the Estill Circuit Court on December 3rd, 1908, to settle a partnership which had theretofore existed between appellant and appellee, it being claimed that upon a proper settlement of the accounts of the partnership, the appellee would be indebted to the appellant in the sum of $840, and judgment was prayed for that sum.

On the 31st day of December, 1908, the appellee filed his answer, the first paragraph of which is a general denial and the second paragraph he made a counterclaim, in which he claimed that the appellant was indebted to him for various items growing out of the partnership business, in the sum of $188. On March 15th, 1909, the appellant took the depositions of himself and several witnesses, which were filed, and after this nothing seems to have been done in the case until July 28, 1911, when the appellant filed his affidavit stating that the papers in the case had become lost and asked that they be substituted, and the Master Commissioner was ordered and directed to supply the papers and make his report. On the 11th day of December, 1911, without any report from him, he filed what he claimed was a substitute petition and which, it appears, was a paper that had been drawn by the attorney for appellant and handed to him without hearing any proof, or in any other way making an effort to ascertain the true contents of the lost papers. The court refused to allow this to be taken as a substitute for the petition, but re-referred the matter to the Master Commissioner who afterwards brought in a report with a petition and answer substantially the same as the original ones. This report was made on April 15, 1912. On March 13, 1913, the defendant filed his deposition and that of several other witnesses whose depositions he had taken, and in his deposition he testified that on June 14, 1907, there had been a full and complete settlement of all the matters growing out of the partnership business between himself and the appellant, and that after checking over the items which each claimed was due him, there was found upon such settlement a balance due to appellant of $230.96 from the appellee, and this amount was then and there paid by a check given by appellee, which check was endorsed by the appellant and upon presentation was paid. The settlement was in writing and it and the check are each made a part of the record.

The partnership consisted in manufacturing and selling cross-ties and preparing and delivering to the market tan bark and marketing of a few logs. The parties were the joint owners of a tract of land in Lee County, consisting of about 400 acres from which this timber and tan bark and logs were taken, and the appellee was the only member of the partnership that had anything to do with superintending the getting out of the ties and tan bark and logs and marketing same and collecting therefor. Appellant does not seem to have had anything to do with these matters, and it is because that he claims a failure of appellee to properly account to him as to the quantity of these articles taken and sold from the land, as well as a failure to account for the proceeds therefor, that he files this suit. The partnership business seems to have ceased before the date of the settlement above, and after that the appellee purchased from the appellant all of his interest in the remaining timber on the land but the parties continued to be the joint owners of the land.

On August 11, 1914, the defendant filed an amended answer in which he pleaded a settlement of the partnership matters, as testified to by him some eighteen months previous thereto, and a reply was filed to this amendment denying that the settlement was a full and complete one and charging that instead of twelve car loads of logs, which had been included in the settlement, having been sold from the land during the partnership, there had been much more than that sold, and that there had been manufactured and sold from the land about 3,700 ties more than was accounted for in the settlement. This was denied and when the case was reached for trial the appellant filed his affidavit and moved for a continuance because he said that he wanted to take the depositions of himself and of the same witnesses whose depositions he had taken in 1909. These depositions are all in the record, and while at the time they were taken there was no answer claiming a settlement of the partnership affairs, still appellant was fully interrogated about this matter and it is not shown in the affidavit for a continuance that the other witnesses could have, or would have, testified to any matters other than those contained in their depositions on file. The amended answer pleading the settlement was but conforming the pleading to the

proof which had been taken and filed something near eighteen months before that time.

The appellant could not possibly have been surprised or prejudiced by the filing of this amendment because he had known for eighteen months that the facts relied on therein were going to be insisted upon at the trial. In his affidavit for a continuance he manifested no ability, by testimony from any one, to assail this settlement either for fraud, mistake or other reasons. On the contrary, the appellee gave a most intelligent and fair deposition and showed that he was perfectly willing and did throughout all of the time treat his uncle, the appellant, with the most perfect fairness.

In making the settlement each party chose representatives, each of whom was present, and after taking into consideration all the claims of each partner and examining the books containing the shipments of the ties, timber and tan bark, and going over the bills paid to laborers, etc., as well as checks issued therefor and collections made, and in fact everything bearing upon the issue, they made the settlement mentioned and appellant accepted the check at the time, saying that he was perfectly satisfied.

To show the fairness of appellee, it might be stated that the record discloses that at the time of the settlement he stated to his uncle, the appellant, in the presence of several people that he had rather pay him $100.00 more than he owed him than to have his uncle dissatisfied.

It is insisted that as this amended answer was filed at the same term at which the case was submitted and tried, followed by the reply also filed at the same term that these pleadings made an issue, for the first time made at that term, and that appellant was entitled to the continuance.

There might be some ground for this contention were it not for the fact that this cause had been pending for some six years or more, and that the evidence of the settlement, as well as the intention of appellee to rely thereon had been in the record for more than eighteen months previous. Moreover, it must not be forgotten thot the evidence which the appellant claimed that he would be able to produce had already been produced and had been on file for something near five years.

Whether these depositions for appellant, were read upon the trial, we do not know; however, inasmuch as they are copied in the transcript and nothing showing that they were not read, we presume that they were considered by the court. If, however, we were mistaken in this, the testimony of these witnesses, including that of appellant, show no facts remotely looking to the establishment of either fraud or mistake in procuring the settlement.

The Chancellor, upon submission of the cause, dismissed both the petition and counterclaim, and we think his judgment was eminently proper, and it is affirmed.